FILED
CLERK U.S. DISTRICT COURT

JUN 18 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| WARREN PHILLIPS,<br><br>    Petitioner,<br><br>v.<br><br>MIKE EVANS, Warden<br><br>    Respondent. | CV 08-169-R (SH)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. Section 636(b)(1)(C), the Court has reviewed the Petition, all of the records and files herein and the attached Report and Recommendation of the United States Magistrate Judge, and has made a de novo determination of the Report and Recommendation. The Court concurs with and adopts the conclusions of the Magistrate Judge.

    IT IS ORDERED that the Petition filed herein is dismissed without prejudice.

///

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by the United States mail on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 18, 2008

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| WARREN PHILLIPS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MIKE EVANS, Warden,<br><br>　　　　Respondent. | ) Case No. CV 08-169-R (SH)<br>)<br>) REPORT AND RECOMMENDATION<br>) OF UNITED STATES<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |

　　　This Report and Recommendation is submitted to the Honorable Manuel Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons stated below, this action should be dismissed without prejudice.

## I. PROCEEDINGS

　　　Pro se petitioner, Everett Warren Phillips, a prisoner in the custody of the California Department of Corrections, challenges his conviction in the Superior

1

Court of California, Los Angeles County (Case No. TA078466).

On January 11, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), accompanied by supporting exhibits, herein. As best the Court can glean from the allegations in the Petition, petitioner alleges the following claims: (1) A police officer wrote a report falsely stating that he recovered marijuana during his search of petitioner, in violation of petitioner's right to due process under the Fifth and Fourteenth Amendments (Petition at 5, Exhibit A); (2) A police officer falsely stated that he observed petitioner involved in a transaction, because another police officer had arrested petitioner for a parole violation twenty minutes earlier, in violation of petitioner's right to due process under the Fourteenth Amendment (Petition at 5, Exhibit B); (3) Petitioner's conviction was obtained by "insignificant evidence" -- there was no physical evidence of petitioner's participation; the photograph of the marijuana contained a date stamp for the day prior to petitioner's arrest; an officer falsely testified he observed petitioner carrying a black plastic bag (the trial court and the prosecutor knew such testimony was false); the plastic bag was not recovered from petitioner and was not tested for fingerprints; petitioner was not permitted to subpoena defense witnesses to testify -- in violation of petitioner's right to due process under the Sixth and Fourteenth Amendments (Petition at 6; Exhibit C); (4) The trial court was biased and prejudiced -- the trial court allowed the conviction even knowing that petitioner could not have committed the offense; the trial court allowed the admission of false evidence -- in violation of petitioner's right to due process under the Fourteenth Amendment (Petition at 6; Exhibit D); (5) The trial court knew that the police officers did not present physical evidence to support the charges -- the trial court knew petitioner did not live in unit 844; the officers failed to ascertain whether the unit was occupied or vacant; and the police officers did not have probable cause to search the unit or the car outside the unit -- in violation of petitioner's right to due process under the Fourteenth Amendment (Petition

Attachment, Exhibit E); (6) The trial court used unreliable documents to find that petitioner had suffered three prior "strikes," in violation of petitioner's rights to due process under the Fifth and Fourteenth Amendments (Petition Attachment, Exhibit F); and (7) Petitioner was not given hearing dates when he filed a motion to set aside the information and a motion to suppress evidence, in violation of his constitutional rights (Petition Attachment).; Petition Exhibit D); (5)); (6); and (7)(Petition at 6; Petition Attachment at 11-12; Petition Exhibit G).

Respondent filed an Answer to the Petition on February 1, 2008. Respondent then filed a Return to the Petition ("Return") on February 28, 2008. In the Return, respondent contends that the Petition contains only unexhausted claims and therefore should be dismissed. (See Return at 5-9).

Per a Minute Order issued on February 29, 2008, the Court ordered petitioner to file a Response specifying the exact page(s) and line(s) of the California Supreme Court pleading on which each claim was alleged. The Court advised petitioner that the absence of a Response would be deemed an admission by petitioner that he had failed to exhaust the seven claims alleged in the Petition.

Although petitioner received extensions of time to file his Response, petitioner did not file a Response or request an additional extension of time to do so.

This Report and Recommendation now issues.

## II. PROCEDURAL BACKGROUND

On June 27, 2005, a Los Angeles Superior Court jury found petitioner guilty of one count of sale or transportation of marijuana (Count 1) and one count of possession of marijuana for sale (Count 2). (See Clerk's Transcript ["CT"] 148-51). In a bifurcated bench trial,[1] the trial court found true the special allegations

---

[1] Petitioner waived his right to a jury trial on the prior conviction allegations. (See CT 77).

3

that petitioner had suffered three prior serious or violent felony convictions and had served two prior prison terms. (See CT 29; 2 Reporter's Transcript ["RT"] 233). On August 17, 2005, after denying petitioner's motion to dismiss and after striking two of petitioner's prior "strikes," the trial court sentenced petitioner to state prison for nine years (consisting of four years on Count 1, doubled for the prior "strike" under California's Three Strikes Law, plus one year for one prior prison term finding; and a concurrent term of seven years on Count 2). (See CT 186-90; 2 RT 247-54).

Petitioner appealed his convictions to the California Court of Appeal, wherein petitioner solely alleged that the trial court's exclusion of mail evidence (to show that unit 844 was not vacant and that someone other than petitioner lived there and to impeach the testimony of the officers that the unit was vacant) violated petitioner's right to due process. (See Respondent's Notice of Lodging ["Lodgment"] Nos. 4 and 6). In an unpublished decision issued on August 3, 2006, the California Court of Appeal affirmed the judgment. (See Lodgment No. 7).

Petitioner (in pro per) filed a Petition for Review with the California Supreme Court, alleging three claims: (1) the same claim as the claim presented to the California Court of Appeal; (2) Plaintiff could not have been found guilty, because a police officer's testimony that unit 844 was vacant was not supported by evidence, because petitioner had no authority over property in someone else's apartment, and because petitioner was not arrested inside unit 844, his name was not on the lease, and his mail was not delivered to that unit; and (3) There was no evidence petitioner sold or gave away marijuana from unit 844 just prior to the search of that unit. (See Lodgment No. 7). On October 11, 2006, the California Supreme Court summarily denied the Petition for Review without citation of authority. (See Lodgment No. 7).

On December 15, 2006, petitioner filed a petition for writ of habeas corpus herein (Case No. CV 06-8014-R (SH)). On March 29, 2007, that habeas petition

was dismissed without prejudice based on petitioner's failure to exhaust all of the claims alleged therein.

On April 16, 2007, petitioner filed a habeas petition with the Los Angeles Superior Court.[2] On April 26, 2007, the Superior Court denied that habeas petition. (See Lodgment No. 10).

On May 23, 2007, petitioner filed a habeas petition with the California Supreme Court, wherein he alleged that he received ineffective assistance of counsel based on his appellate counsel's failure to raise various claims on appeal. (See Lodgment No. 11). On November 28, 2007, the California Supreme Court summarily denied that habeas petition without citation of authority. (See Lodgment No. 12).

### III. DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See

---

[2] Neither party has provided the Court with a copy of that habeas petition.

James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, petitioner has never presented to the California Supreme Court the claims being alleged in the Petition herein. Accordingly, the claims alleged in the Petition are unexhausted and the Petition should be dismissed without prejudice to refiling after exhaustion of state remedies.[3]

### VII. RECOMMENDATION

For the reasons discussed above, it is recommended that the court issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing the action without prejudice.

DATED: May 14, 2008

STEPHEN J. HILLMAN
United States Magistrate Judge

---

[3] This dismissal does not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.